IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY BROOKS, JR., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. CV - 2:06CV356-UPM |
| COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendants. | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, defendant Countrywide Home Loans, Inc., hereby removes this action from the Circuit Court of Pike County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this notice, the defendant states as follows:

**I.   THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED**

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

2. Plaintiff Roy Brooks, Jr. ("Brooks"), instituted this civil action in the Circuit Court of Pike County, Alabama on March 7, 2006, naming as defendants Countrywide Home Loans, Inc. ("Countrywide"), and various fictitious parties.

3. The summons and complaint were served upon defendant Countrywide on March 20, 2006. True and correct copies of all process, pleadings, and orders served on Countrywide are attached hereto as Exhibit A.

4. Because this Notice of Removal is filed within thirty (30) days of the first receipt by any defendant of the summons and complaint in this action, by service or otherwise, it is timely under 28 U.S.C. § 1446(b).

5. This Court has original jurisdiction over this dispute under 28 U.S.C. § 1332. First, complete diversity of citizenship exists between all properly joined parties of interest. Second, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Removal of this action is therefore proper pursuant to 28 U.S.C. §§ 1332 and 1441.

## II.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

6. The plaintiff Roy Brooks, Jr., is, and was at the institution of this civil action, a citizen and resident of the State of Alabama. Complaint, ¶ 1.

7. Countrywide Home Loans, Inc., is, and was at the time of the institution of this civil action, a corporation organized under and by virtue of the laws of the State of New York, with its principal place of business located in California. (Affidavit of Emily Cedillo ("Cedillo Aff."), ¶ 2, attached as Exhibit B.) As a result, Countrywide Home Loans, Inc., is not now, and was not at the time of the filing of the complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

## III.  THE AMOUNT IN CONTROVERSY REQUIREMENT HAS BEEN MET.

8. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. While plaintiff's complaint does not specify the total amount of damages that plaintiff seeks to recover in this lawsuit, the plaintiff demands judgment, in an unspecified "sum to be ascertained by the trier of fact," for general and compensatory damages including claims for mental anguish and emotional distress. Complaint, ¶¶ 10, 17, 21.

9. Where a complaint does not state a demand for a specific amount of damages, a removing defendant must demonstrate by only a preponderance of the evidence that the minimum sum necessary to confer federal diversity jurisdiction is "more likely than not" at issue in the case. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D. Ala. 1995) (stating the preponderance of the evidence standard); *Steele v. Underwriters Adjusting Co.*, 649 F.Supp. 1414, 1416 (M.D. Ala. 1986) (same); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (same).

10. This case involves claims by the plaintiff that defendant Countrywide wrongfully foreclosed mortgages on his three "homes" in Pike County, Alabama, and that Countrywide is guilty of intentional fraud in connection with the foreclosure. (Complaint, ¶¶ 6-10, 15.) The amount in controversy is established in part, therefore, by the value of the property made the subject of this suit and/or the amount of the outstanding mortgage loans at issue. The initial amount of the loan referenced in the complaint (a second mortgage originally issued to the plaintiff by the Small Business Administration) was $11,400.00, and, according to the plaintiff's complaint, approximately $7,000 was owed on that loan at the time of foreclosure. (Cedillo Aff., ¶ 3; Complaint, ¶ 7.) In addition to the SBA second mortgage, Countrywide also serviced a first mortgage loan on the property which had an original loan amount of $31,500. (Cedillo Aff., ¶ 3.)

11. The plaintiff's claims are not limited to the amount of the property or loans at issue, however. The plaintiff also seeks general damages, specifically including compensatory damages for "a great deal of mental anguish and emotional distress." Complaint, ¶

10. The plaintiffs also allege that Countrywide committed intentional fraud, a claim for which punitive damages could be recovered if proven at trial. *See Ala. Code § 6-6-101 (1975); Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).[1]

12. To determine whether the jurisdictional level is met, the court may look for guidance to decisions rendered in other cases in the same jurisdiction, including awards of punitive damages. *Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991); *Bolling*, 900 F.Supp. at 404-05; *see also Holley Equip. Co.*, 821 F.2d at 1535 ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered.").

13. In other cases seeking punitive and/or mental anguish damages under analogous claims, the Alabama Supreme Court has often affirmed damages awards well in excess of $75,000. *See e.g., Prudential Ballard Realty Co. v. Weatherly*, 792 So.2d 1045 (Ala. 2000) (affirming $250,000 compensatory damages award, including mostly mental anguish damages, and remitting punitive damages to $750,000 in case involving sellers' fraud claims against real estate agent); *Oliver v. Towns*, 770 So.2d 1059 (Ala. 2000) (reducing compensatory damages award for mental anguish from $500,000 to $75,000 and affirming punitive damages award of $249,000); *Alabama Power v. Murray*, 751 So.2d 494 (Ala. 1999) (affirming one plaintiff's award of mental anguish damages for $132,005.36 and reducing another plaintiff's award for mental anguish damages to $84,000); *Delchamps, Inc. v. Bryant*, 738 So.2d 824 (Ala. 1999)(reducing $400,000 compensatory damages award based mostly on mental anguish to $100,000); *Crown Life Ins. Co. v. Smith*, 657 So.2d 821, 824 (Ala. 1995) (affirming, upon

---

[1] While the complaint does not expressly claim punitive damages, "punitive damages are classified as general damages under Alabama law" and must be considered in determining the amount in controversy where the "averments in the complaint allege conduct on the part of the Defendant that could give rise to a judgment for punitive damages." *Steele v. Underwriters Adjusting Co.*, 649 F.Supp. 1414, n.2 (M.D. Ala. 1986); *see also Holley Equipment Co.*, 821 F.2d at 1535.

remittur, $250,000 award for mental anguish damages in absence of economic loss in case involving conversion of proceeds of life insurance policy).

14.     Countrywide does not concede, in any way, that the plaintiff in this action is entitled to compensatory or punitive damages, in any amount. To the contrary, Countrywide denies that the plaintiff's claims are meritorious and that the plaintiff is entitled to recover any damages in this action whatsoever. However, strictly for purposes of determining the "amount in controversy" within the context of federal diversity jurisdiction, Countrywide submits that the plaintiff's unspecified demand and the Alabama Supreme Court's affirmance of judgments in other cases establish by a preponderance of the evidence that the plaintiff's claims in this action have placed the minimum jurisdictional amount at issue here.

15.     Because complete diversity exists between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332.

### IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

16.     As set forth above, this Notice of Removal is filed within thirty (30) days of the first receipt by any defendant of the summons and complaint in this action, whether by service or otherwise.

17.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18.     All named defendants in this action join in or consent to this notice of removal. Countrywide, the removing party, is the only named defendant.

19.     If any question arises as to the propriety of the removal of this action, the removing defendant requests the opportunity to present a brief and/or argument in support of its position that this case is removable.

**WHEREFORE**, the defendant desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of the court for the county in which the action is pending, pray that the filing of this Notice of Removal in this Court and with the Clerk of the Circuit Court of the Pike County, Alabama, shall effect the removal of this suit to this Court.

Alan M. Warfield (WAR055)

Attorney for Defendant
Countrywide Home Loans

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
1819 5th Avenue North
P. O. Box 830642
Birmingham, Alabama 35203/35283-0642
Telephone: (205) 244-5200
Facsimile: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon counsel of record on this 18th day of April, 2006, by placing in the United States mail, properly addressed and postage prepaid, as follows:

J.E. Sawyer, Jr., Esq.
203 South Edwards Street
Enterprise, Alabama 36330

OF COUNSEL