IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR 27 A 10: 30
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROY BROOKS, Jr., <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| COUNTRYWIDE HOME LOANS, INC. <br> et al., <br> Defendants. | ) Civil Action No. 2:06-cv-356-VPM <br> ) <br> ) <br> ) <br> ) |

### ANSWER OF DEFENDANT COUNTRYWIDE HOME LOANS, INC.

COMES NOW Countrywide Home Loans, Inc. ("Countrywide"), and, in response to the plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint, and each and every count therein, fails to state a claim against Countrywide upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of the Complaint, Countrywide responds, paragraph by paragraph, as follows:

### COUNT ONE
### BREACH OF CONTRACT

1. Admitted.

2. Countrywide Home Loans, Inc., admits that it is a New York corporation with its principal place of business in Calabasas, California, and that it does business in the State of Alabama. Countrywide otherwise denies the paragraph.

3. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

4. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same. No "Exhibit A" was attached to the Complaint.

5. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

6. Countrywide admits that it serviced, for the mortgage holder, two mortgage loans that had previously been issued to the plaintiff by other lenders and that the two mortgages are or were each secured by real properties located at three different addresses in Troy, Alabama. Countrywide is otherwise without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

7. Countrywide admits that one of the plaintiff's mortgage loans that Countrywide serviced for the mortgage holder was a second mortgage originally issued to the plaintiff by the Small Business Administration in 1996. Countrywide is otherwise without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

8. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

9. Countrywide admits that the amount owed under the SBA second mortgage exceeded $7,000 at some material times. Countrywide is otherwise without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

10. Denied.

Countrywide denies that the plaintiff is entitled to any of the relief requested in the unnumbered paragraph following paragraph 10 of the Complaint.

## COUNT TWO
## FRAUD

11. Countrywide repeats its responses to paragraphs 1 through 10 above.

12. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

13. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same. No "Exhibit B" was attached to the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

Countrywide denies that the plaintiff is entitled to any of the relief requested in the unnumbered paragraph following paragraph 17 of the Complaint.

## COUNT THREE
## NEGLIGENCE

18. Countrywide repeats its responses to paragraphs 1 through 17 above.

19. Denied.

20. Denied.

21. Denied.

Countrywide denies that the plaintiff is entitled to any of the relief requested in the unnumbered paragraph following paragraph 21 of the Complaint.

Except as specifically admitted herein, Countrywide denies each and every material averment of the Complaint and demands strict proof thereof.

## THIRD DEFENSE

The claims against Countrywide are barred because Brooks failed to perform his obligations under the contracts or agreements he seeks to enforce.

## FOURTH DEFENSE

Brooks' claims are barred, in whole or in part, because Brooks could not reasonably have relied to his detriment on any alleged misrepresentation or suppression by Countrywide.

## FIFTH DEFENSE

At the time and place of the actions or inactions alleged to have given rise to the Complaint, Brooks' own negligence proximately contributed to his injuries.

## SIXTH DEFENSE

Brooks' claims are barred, in whole or in part, by the doctrine of avoidable consequences.

## SEVENTH DEFENSE

The Complaint fails to aver fraud with particularity as required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## EIGHTH DEFENSE

Brooks' claims are barred, in whole or in part, because Countrywide made no misrepresentations to Brooks.

## NINTH DEFENSE

Brooks' claims are barred, in whole or in part, because the only duties owed to plaintiffs by Countrywide are contractual in nature, and any alleged breach of such duties cannot constitute negligence.

## TENTH DEFENSE

Brooks' claims are barred by the doctrines of waiver, laches, and/or estoppel.

## ELEVENTH DEFENSE

Brooks' claims are barred, in whole or in part, because Brooks has suffered no compensable damages.

## TWELFTH DEFENSE

Countrywide gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

Alan M. Warfield
(ASB #9183-R68A)

Attorney for Defendant
Countrywide Home Loans

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
1819 5th Avenue North
P. O. Box 830642
Birmingham, Alabama 35203/35283-0642
Telephone: (205) 244-5200
Facsimile: (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2006, served the foregoing Answer by U.S. Mail, postage prepaid to the following:

J.E. Sawyer, Jr., Esq.
203 S. Edwards Street
Enterprise, AL 36330

OF COUNSEL