IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY BROOKS, Jr., ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS, ) | Civil Action No. 2:06-cv-356-VPM |
| INC. ) | |
|    et al., ) | |
| ) | |
|    Defendants. ) | |

## AMENDED ANSWER OF DEFENDANT COUNTRYWIDE HOME LOANS, INC.

COMES NOW Countrywide Home Loans, Inc. ("Countrywide"), and, in response to the plaintiff's Complaint, states as follows:

### FIRST DEFENSE

The Complaint, and each and every count therein, fails to state a claim against Countrywide upon which relief can be granted.

### SECOND DEFENSE

In response to the specific allegations of the Complaint, Countrywide responds, paragraph by paragraph, as follows:

### COUNT ONE
### BREACH OF CONTRACT

1. Admitted.

2. Countrywide Home Loans, Inc., admits that it is a New York corporation with its principal place of business in Calabasas, California, and that it does business in the State of Alabama. Countrywide otherwise denies the paragraph.

3.      Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

4.      Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

5.      Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

6.      Countrywide admits that it serviced, for the mortgage holder, two mortgage loans that had previously been issued to the plaintiff by other lenders and that the two mortgages are or were each secured by real properties located at three different addresses in Troy, Alabama.  Countrywide is otherwise without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

7.      Countrywide admits that one of the plaintiff's mortgage loans that Countrywide serviced for the mortgage holder was a second mortgage originally issued to the plaintiff by the Small Business Administration in 1996.  Countrywide is otherwise without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

8. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

9. Countrywide admits that the amount owed under the SBA second mortgage exceeded $7,000 at some material times. Countrywide is otherwise without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

10. Denied.

Countrywide denies that the plaintiff is entitled to any of the relief requested in the unnumbered paragraph following paragraph 10 of the Complaint.

## COUNT TWO
## FRAUD

11. Countrywide repeats its responses to paragraphs 1 through 10 above.

12. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same.

13. Countrywide is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of this paragraph, and therefore denies the same. No "Exhibit B" was attached to the Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

Countrywide denies that the plaintiff is entitled to any of the relief requested in the unnumbered paragraph following paragraph 17 of the Complaint.

### COUNT THREE
### NEGLIGENCE

18. Countrywide repeats its responses to paragraphs 1 through 17 above.

19. Denied.

20. Denied.

21. Denied.

Countrywide denies that the plaintiff is entitled to any of the relief requested in the unnumbered paragraph following paragraph 21 of the Complaint.

Except as specifically admitted herein, Countrywide denies each and every material averment of the Complaint and demands strict proof thereof.

### THIRD DEFENSE

The claims against Countrywide are barred because Brooks failed to perform his obligations under the contracts or agreements he seeks to enforce.

### FOURTH DEFENSE

Brooks' claims are barred, in whole or in part, because Brooks could not reasonably have relied to his detriment on any alleged misrepresentation or suppression by Countrywide.

### FIFTH DEFENSE

At the time and place of the actions or inactions alleged to have given rise to the Complaint, Brooks' own negligence proximately contributed to his injuries.

**SIXTH DEFENSE**

Brooks' claims are barred, in whole or in part, by the doctrine of avoidable consequences.

**SEVENTH DEFENSE**

The Complaint fails to aver fraud with particularity as required by Rule 9(b) of the Alabama Rules of Civil Procedure.

**EIGHTH DEFENSE**

Brooks' claims are barred, in whole or in part, because Countrywide made no misrepresentations to Brooks.

**NINTH DEFENSE**

Brooks' claims are barred, in whole or in part, because the only duties owed to plaintiffs by Countrywide are contractual in nature, and any alleged breach of such duties cannot constitute negligence.

**TENTH DEFENSE**

Brooks' claims are barred by the doctrines of waiver, laches, and/or estoppel.

**ELEVENTH DEFENSE**

Brooks' claims are barred, in whole or in part, because Brooks has suffered no compensable damages.

**TWELFTH DEFENSE**

Countrywide gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

**THIRTEENTH DEFENSE**

To the extent the Complaint seeks to recover punitive damages, the demand for punitive damages violates the Due Process Clause of the Fourteenth

Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### FOURTEENTH DEFENSE

To the extent the Complaint seeks to recover punitive damages, the demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the complaint's claim for punitive damages is a claim that is penal in nature, entitling these defendants to the same procedural safeguards afforded to a criminal defendant under the Sixth Amendment.

### FIFTEENTH DEFENSE

To the extent the Complaint seeks to recover punitive damages, the demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### SIXTEENTH DEFENSE

To the extent the Complaint seeks to recover punitive damages, the demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature, but the burden of proof on the plaintiffs is less than the "beyond the reasonable doubt" standard required in criminal cases.

### SEVENTEENTH DEFENSE

To the extent the Complaint seeks to recover punitive damages, the demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life,

liberty and property except by due process of law, in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

### EIGHTEENTH DEFENSE

To the extent the Complaint seeks to recover punitive damages, the demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, but the burden of proof on the plaintiffs is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### NINETEENTH DEFENSE

To the extent the Complaint seeks to recover punitive damages, any award of punitive damages to Plaintiffs in this case will violate the constitutional safeguards provided to Countrywide, based upon the following grounds:

    a.    There is a lack of reasonable standards necessary to instruct the jury on the propriety and the amount of any punitive damage award;

    b.    The power and authority of the jury under Alabama law to decide the amount of a punitive damage award is so unfettered that there is lacking any reasonable logic or standard, uniformity, criteria, or guidance in the assessment of the amount of the award of punitive damage;

    c.    Alabama procedures, pursuant to which amounts of punitive damages are awarded, are unconstitutionally void for vagueness.

          s/Alan M. Warfield
          Alan M. Warfield
          (ASB #9183-R68A)

          Attorney for Defendant
          Countrywide Home Loans

OF COUNSEL:

WALSTON WELLS & BIRCHALL, LLP
1819 5th Avenue North
P. O. Box 830642
Birmingham, Alabama 35203/35283-0642
Telephone:  (205) 244-5200
Facsimile:   (205) 244-5400

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2006, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    J.E. Sawyer, Jr., Esq.
    203 S. Edwards Street
    Enterprise, AL 36330

          s/Alan M. Warfield
          OF COUNSEL