MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
2120 Riverfront Drive, Suite 100
Little Rock, Arkansas, 72202

THIS INSTRUMENT PREPARED BY AND MAIL TO:
Terry J. Miller, Attorney/Advisor
U.S. SMALL BUSINESS ADMINISTRATION
One Baltimore Place, Suite 300
Atlanta, Georgia 30308
(404)347-3771

BROOKS, Roy, Jr.
# 2814-00419 Loan No. DLB 89164130-00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MORTGAGE
### (Direct)

This mortgage made and entered into this 1st day of February 1996, by and between Roy Brooks, Jr., Post Office Box 691, Troy, Alabama 36081 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 2120 Riverfront Drive, Suite 100, Little Rock, Arkansas, 72202

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Pike, State of Alabama

Described in Exhibit "A" attached hereto and made a part hereof.

Subject only to Prior lien(s) in favor of:

PARCELS I, II

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated  February 1, 1996  in the principal sum of $11,400.00 and maturing on February 1, 2026.

1. The mortgagor covenants and agrees as follows:

   *a.*   He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

- 1 -

EXHIBIT 1
(Rouse Affidavit)

CHL/Brooks00112

Name: BROOKS, Roy, Jr.

Control No. / Loan No: 2814-00419 / DLB 89164130-00

EXHIBIT "A"

Parcel I

Lot #3 and 4, according to the plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, page 96.

More commonly known as: 410 Hubbard Street, Troy, Alabama 36081

Parcel II

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

More commonly known as: 415 Ice Street, Troy, Alabama 36081 and 120 Hubbard Street, Troy, Alabama 36322

Page 5

CHL/Brooks00113

Control No. 2814-00419



4181304 4



U.S. SMALL BUSINESS ADMINISTRATION

N O T E
(For Disaster Loans Only)

SBA LOAN NO.
DLB 89164136-00

3 2 6 1996

LEGAL DEPT.
Troy, Alabama 36081
(City, State, ZIP Code)

$11,400.00                                                                                                                                   (Date) February 1, 1996

For value received, the Undersigned promises to pay to the order of **U.S. Small Business Administration**, at its office in the City of **Denver**, State of **Colorado  80259-0001**, or, at holder's option, at such other place as may be designated from time to time by the Holder or U.S. Small Business Administration.

**Eleven Thousand Four Hundred and no/100 * * * * * * * * *** dollars, with interest, on unpaid principal computed from the date of each advance to the Undersigned at the Annual Percentage Rate, of **Four percent (4.000%)** per annum, payment to be made in installments as follows:

    **Fifty-Six and no/100 ($56.00)**, dollars including principal and interest, payable **monthly**, beginning **Five (5)** months from the date hereof; the balance of principal and interest to be paid in full **Thirty (30) Years** from the date hereof; with the further provision that each said installment shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the Indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.

The Indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State Insolvency law or under the provisions of the Bankruptcy Code of 1978, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the Indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the Indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or U.S. Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the Indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of said agreements, or in any affidavit or other documents submitted in connection with said application or the Indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Code of 1978) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder; (5) the undersigned's failure duly to account, to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

Upon the nonpayment of the Indebtedness, or any part thereof, when due, whether by acceleration or otherwise, Holder is empowered to sell, assign, and deliver the whole or any part of the Collateral at public or private sale, without demand, advertisement or notice of time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses incidental to or arising from such sale or sales, Holder may apply the residue of the proceeds thereof to the payment of the Indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. The undersigned hereby waives all right of redemption or appraisement whether before or after sale.

Holder is further empowered, to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee.

Whenever any item of the Collateral shall not be paid when due, or otherwise shall be in default, whether or not the Indebtedness, or any part thereof, has become due, Holder shall have the same rights and powers with respect to such item of the Collateral as are granted in respect thereof in this paragraph in case of nonpayment of the Indebtedness, or any part thereof, when due. None of the rights, remedies, privileges, or powers of Holder expressly provided for herein shall be exclusive, but each of them shall be cumulative with and in addition to every other right, remedy, privilege, and power now or hereafter existing in favor of Holder, whether at law or in equity, by statute or otherwise.

The undersigned agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral; and regardless of any action taken by Holder, there shall be no duty upon Holder in this respect. The undersigned shall pay all expenses of any nature, whether incurred in or out of court,

SBA FORM 147 B (5-77) REF: SOP 50 35 PREVIOUS EDITIONS ARE OBSOLETE         Page 1

CHL/Brooks00110

and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the Indebtedness or the administration, supervision, preservation, protection of (including, but not limited to, the maintenance of adequate insurance) or the realization upon the Collateral. Holder is authorized to pay at any time and from time to time any or all of such expenses, add the amount of such payment to the amount of the Indebtedness, and charge interest thereon at the rate specified herein with respect to the principal amount of this Note.

The security rights of Holder and its assigns hereunder shall not be impaired by Holder's sale, hypothecation or rehypothecation of any note of the undersigned or any item of the Collateral, or by any indulgence, including but not limited to (a) any renewal, extension, or modification which Holder may grant with respect to the Indebtedness or any part thereof, or (b) any surrender, compromise, release, renewal, extension, exchange, or substitution which Holder may grant in respect of the Collateral, or (c) any indulgence granted in respect of any endorser, guarantor, or surety. The purchaser, assignee, transferee, or pledgee of this Note, the Collateral, any guaranty, and any other document (or any of them), sold, assigned transferred, pledged, or repledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note and all applications of the undersigned to Holder or SBA, as if said purchaser, assignee, transferee, or pledgee were originally named as Payee in this Note and in said application or applications.

This promissory note is given to secure a loan which SBA is making or in which it is participating and, pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d), this instrument is to be construed and (when SBA is the Holder or a party) in interest) enforced in accordance with applicable Federal law.

The undersigned understands and agrees that it is mandatory that all receipts, records, and such other evidence as is necessary and satisfactory to U.S. Small Business Administration be retained for three years from the date of the final disbursement on said note, which evidence shall indicate that the funds received have been used as directed by the authorization. Failure to furnish such evidence when requested shall raise a presumption that the proceeds of the loan have been wrongfully misapplied.

The undersigned understands and agrees that in the event he wrongfully misapplies the proceeds of the loan obtained, he shall be civilly liable to the Administration in an amount equal to one and one-half (1-1/2) times the original principal amount of the loan. It is understood that the term "indebtedness" as defined above shall include this amount, if imposed by the Administration.

NOTICE OF RIGHT OF RESCISSION
You have a legal right under Federal Law to cancel this transaction, if you desire to do so, without any penalty or obligation within three (3) business days from date of this note.

No finance charge has been made for this transaction.

Execution

Dated this 21Th day of Feb, 19 96.          Roy Brooks, Jr.

Page 2

NOTE:— Corporate applicants must execute Note, in Corporate name, by duly authorized officer, and must be affixed and duly attested; partnership applicants must execute Note in firm name, together with signature of a general partner.

CHL/Brooks00111

374

BEAL No.: 2280006388
SBA No.: 8916413000
Pool No.: 130
Barcode No.: 179295

This Document Prepared By and
When Recorded Return/Mail to:
Wayne Roberts
Carrington Mortgage Services, Inc.
1600 Pacific Avenue, Suite 2070
Dallas, TX 75201    (214) 220-7206

## ASSIGNMENT OF NOTES AND LIENS (MORTGAGE)
(SBA Loan Sale #2)

THIS ASSIGNMENT OF NOTES AND LIENS (this "Assignment") is made by the U.S. SMALL BUSINESS ADMINISTRATION ("Assignor"), whose address is 490 Third Street, S.W., Washington, D.C. 20416, to LPP Mortgage Ltd. f/k/a Loan Participant Partners, Ltd., a Texas limited partnership, whose address is 6000 Legacy Drive, Plano, Texas 75024-3610 ("Assignee"), pursuant to the terms of that certain Loan Sale Agreement dated as of August 3, 2000 (the "Sale Agreement") between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys, effective as of August 31, 2000, to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Sale Agreement, the following:

1. that certain MORTGAGE dated February 1, 1996 between ROY BROOKS, JR. ("Borrower") and ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION ("Lender"), and recorded on February 23, 1996 as Instrument #N/A in Mortgage Book 425 at Page N/A, in the Recorder's Office of PIKE County, ALABAMA, as amended or modified (the "MORTGAGE"), which secures that certain promissory note dated February 1, 1996 in the amount of $11,400.00 (the "Note"), and encumbers the following described property:

   Property Address: PARCEL I: 410 HUBBARD STREET, TROY, ALABAMA 36081 & PARCEL II: 415 ICE STREET, TROY ALABAMA 36081 AND 120 HUBBARD STREET, TROY, ALABAMA 36322

2. such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the MORTGAGE and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized agent as of this 17th day of July, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

By: _____
Rick Boggus, Attorney-in-Fact

**State of TEXAS**
**County of DALLAS**    Before me, the undersigned authority, Notary Public, personally appeared Rick Boggus, who is personally well known to me (or sufficiently proven) to be the Attorney-in-Fact for the U.S. Small Business Administration, and the person who executed the foregoing instrument by virtue of the authority vested in him/her, and s/he acknowledged to me that s/he executed the same for the purposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 17th day of July, 2001.

_____
Kristi Hays, Notary Public
My Commission Expires: 6/4/2003

[Notary Seal: KRISTI HAYS, Notary Public, STATE OF TEXAS, My Comm. Exp. 06-04-2003]

Pike County, Alabama
I hereby certify that the within instrument was filed in my office for record on ___ day of OCT, 20 01 at 9:00 M and that ___ tax of ___ has been paid and duly recorded in ___; book 55, page 374
WILLIAM C. STONE, Judge Probate

$5.00

CHL/Brooks00334