## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

ROY BROOKS, JR.,

        **Plaintiff,**

v.

COUNTRYWIDE HOME LOANS, INC.
ET AL.,

        **Defendants.**

**CIVIL ACTION NO.
CV - CV-2:06CV356-MHT**

## <u>AFFIDAVIT OF BRANDON COOTS</u>

Before me the undersigned, a notary public in and for said state and said county, did personally appear Brandon Coots, who did depose and say on oath as follows:

1.     My name is Brandon Coots.  I am a licensed attorney with the law firm of Jones & Coots, LLC, in Luverne, Alabama.  Based on my personal knowledge and my review of business records generated by me in the normal course of business, I testify as follows:

2.     In or around August 2004, my firm was retained by Countrywide Home Loans, Inc., and its counsel, Beth Rouse of the law firm of McFadden, Lyon & Rouse, LLP, in Mobile, Alabama, to conduct a public foreclosure sale in Pike County, Alabama, on August 24, 2004. The mortgage to be foreclosed was a second mortgage granted by Roy Brooks, Jr., to the United States Small Business Administration on February 1, 1996, and a copy of the mortgage is attached hereto as Exhibit 1.

3.     Prior to August 24, 2004, I was informed by the McFadden, Lyon and Rouse firm that the foreclosure sale was being postponed.  At 12:10 p.m. on August 24, 2004, I announced the postponement of the foreclosure  at the Pike County courthouse.  A true and correct copy of

## EXHIBIT 6
(Evidentiary Submission)

my letter to Beth Rouse of August 24, 2004, confirming that I had announced the postponement is attached hereto as Exhibit 2.

4.     The foreclosure sale was later rescheduled and publicized by the McFadden, Lyon & Rouse firm for November 10, 2004.  At 11:30 a.m. on November 10, 2004, I sold the properties subject to the mortgage at public outcry at the Pike County courthouse.  There were no third-party bidders present at the sale.  In accordance with the instructions of Beth Rouse and Countrywide, I bid $6,750.00 on behalf of the mortgagee to purchase the collateral properties subject to the mortgage.  A true and correct copy of my letter of November 10, 2004, to Beth Rouse confirming that the sale had occurred on November 10, 2004, is attached hereto as Exhibit 3.

5.     Attached hereto as Exhibit 4 is a true and correct copy of the Auctioneer's Deed executed by me, as auctioneer and attorney-in-fact, conveying the property subject to the mortgage to the mortgagee and purchaser and foreclosure sale, LPP Mortgage Ltd., f/k/a Loan Participant Partners, Ltd.

Brandon Coots

STATE OF ALABAMA            )
COUNTY OF Crenshaw           )

Sworn to and subscribed before me this the 13th day of March, 2007.

Notary Public
My commission expires: 12-13-10

2

# FACSIMILE COVER PAGE

Date:     02/13/07
Time:     15:03:04
Page:     (1)

To:       Alan Warfield
Fax #:    205-244-5462

From:     Beth Rouse
Company:  McFadden Lyon & Rouse
Address:  718 Downtowner Blvd
          Mobile, AL 36609
          e-mail:brouse@mlrlawyers.com
Fax #:    251-342-9457
Voice #:  251-342-9172

Message:

Per our conversation. I may have other postponement confirmations from Brandon Coots. I will check the file.

02/13/2007  04:23  251-342-9457        MCFADDEN LYON ROUSE        PAGE  02/07
08/24/04    09:00    MIKE JONES ATTY AT LAW → 2513429457                 NO.912  D01

# JONES & COOTS, L.L.C.
## ATTORNEYS AT LAW
### 6 SOUTH GLENWOOD AVENUE
### P.O. BOX 367
### LUVERNE AL, 36049

Michael E. Jones                         Phone: 334-335-6535
Brandon Coots                            Fax:  334-335-2529

August 24, 2004

Beth McFadden Rouse
McFadden, Lyon &
Rouse, L.L.C.
Via fax:  1-251-342-9457

     RE:   Roy Brooks, Jr.

Dear Mrs. Rouse:

    I announced the postponement of the Brooks foreclosure sale at 12:10 p.m. and posted the notice at the courthouse.  If you need anything further at this time, please do not hesitate to call.

Sincerely,

Brandon Coots

02/13/2007  04:23  251-342-9457    MCFADDEN LYON ROUSE    PAGE  03/07
11/10/04    13:44    MIKE JONES ATTY AT LAW → 2513429457    NO.159    001

Michael E. Jones
Brandon S. Coots
Attorneys at Law
P. O. Box 357
5 S. Glenwood Avenue
Luverne, Alabama 36049
Phone: 334-335-6554
Fax: 334-335-2829


JONES & COOTS, L. L. C.
Attorneys at Law

# Fax

**To:** Mrs. Beth Rouse    **From:** Brandon Coots

**Fax:** 251-342-9457    **Pages:**

**Phone:**    **Date:** November 10, 2004

**Re:**    **CC:**

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:

PLEASE NOTIFY US IMMEDIATELY IF YOU FAIL TO RECEIVE ANY OF THE TRANSMITTED PAGES OR IF ANY OF THE MATERIAL IS NOT LEGIBLE.

IMPORTANT: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable laws. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, YOU ARE HEREBY NOTIFIED that reading, disseminating, distributing or copying this communication is strictly prohibited. If you have received this communication in error, please IMMEDIATLEY notify us by telephone, and return the original message to us at the above address via mail through the U. S. Postal Service. Thank you.

02/13/2007  04:23   251-342-9457       MCFADDEN LYON ROUSE          PAGE  04/07
11/10/04    13:44   MIKE JONES ATTY AT LAW → 2513429457            NO.159   002

# JONES & COOTS, L.L.C.
## ATTORNEYS AT LAW
### 6 SOUTH GLENWOOD AVENUE
### P.O. BOX 367
### LUVERNE AL, 36049

Michael E. Jones                                    Phone: 334-335-6535
Brandon Coots                                       Fax:  334-335-2529

November 10, 2004

Mrs. Beth Rouse
McFadden, Lyon and Rouse, L.L.C.
Attorneys at law
Via fax: 251-342-9457

        Re:   Countrywide v. Roy Brooks

Dear Mrs. Rouse:

        The sale was cried at 11:30 a.m. on November 10, 2004.  There were no buyers present at the sale.  I entered a bid on behalf of Countrywide for $6,750.00.

        Please change my address to reflect the above.  If you have any questions, please do not hesitate to call.

                        Sincerely,

                        Brandon Coots

02/13/2007  04:23   251-342-9457          MCFADDEN LYON ROUSE         PAGE  05/07
                                                                      NO.159   D03
11/10/04   13:44   MIKE JONES ATTY AT LAW → 2513429457
                        251 342 9457
11/09/2004  14:38   251-342-9457          MCFADDEN LYON ROUSE         PAGE  01/03

## MCFADDEN, LYON & ROUSE, L.L.C.
### ATTORNEYS AND COUNSELLORS AT LAW
718 DOWNTOWNER BOULEVARD
MOBILE, ALABAMA 36609-3498

STOTT F. McFADOUGH
WILLIAM M. LYON, JR.
BETH McFADDEN ROUSE
WILLIAM D. McFADDEN
THOMAS M. BENTON, JR.
JOHN T. BEYER

TELEPHONE: (251) 342-9172
FACSIMILE: (251) 342-9457

November 10, 2004

*VIA FAX # 334-335-2829*

Brandon Coots
PIKE COUNTY TITLE &
ABSTRACT CO., INC.
Post Office Box 965
Troy, Alabama 36081

RE:   Countrywide Home Loans, Inc. v. Roy Brooks, Jr.

Dear Brandon:

We represent Countrywide Home Loans, Inc. in the foreclosure of the mortgage referenced in the enclosed foreclosure notice. This is to request that you act as our auctioneer for a fee of $130.00 at the foreclosure sale set for November 10, 2004 during the legal hours of sale.

We will notify you if there is a bankruptcy filing that stays the sale. We request that you:

1. verify from the Probate Court records whether any Federal Tax Liens have been filed that would attached to the property since August 23rd, 2004, the effective date of our foreclosure title report. **PLEASE CONTACT OUR OFFICE BEFORE HOLDING THE SALE IF ANY SUCH LIENS ARE FOUND.**

2. Please bid a specified bid of **$6,750.00.**

3. call, email or fax this office with sales results as soon after the sale as possible along with the time the sale was held. Please advise any 3rd party purchaser that we only accept certified funds, or a cashiers check for the full amount of purchase, and funds must be in your office by close of business day.

**Please do not make any representation as to status of title or possession to potential bidders.**

Thank you for your assistance in this matter.

Sincerely,

McFADDEN, LYON & ROUSE, L.L.C.

Beth McFadden Rouse
BMR/dw

Enclosure

### FORECLOSURE NOTICE

Default having been made in the payment of the indebtedness described in and secured by that certain mortgage executed by ROY BROOKS, JR. to ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA dated the 1st day of February, 1996, and recorded in Mortgage Book 425, Page 213 and/or Book 425, Page 231 of the records in the Office of the Judge of Probate, Pike County, Alabama; which said mortgage was subsequently assigned to LPP MORTGAGE LTD. F/K/A LOAN PARTICIPANT PARTNERS, LTD., A TEXAS LIMITED PARTNERSHIP by instrument recorded in Miscellaneous Book 55, Page 374 of said Probate Court records; notice is hereby given that the undersigned as holder of said mortgage will under power of sale contained in said mortgage, sell at public outcry for cash to the highest bidder, during legal hours of sale on the 23rd day of August, 2004, at the front door entrance of the Courthouse of Pike County, Alabama, Church Street, Troy, Alabama 36081 , the following described real property in the County of Pike, State of Alabama, being the same property described in the above referred to mortgage:

**Parcel I**

Lot #3 and 4, according to the Plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, Page 96.

More commonly known as: <u>410 Hubbard Street, Troy, Alabama 36081</u>

**Parcel II**

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the Office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

More commonly known as: <u>415 Ice Street, Troy, Alabama 36081 and</u>
<u>120 Hubbard Street, Troy, Alabama 36322</u>


Subject to First Mortgage executed by Roy Brooks, Jr., An Unmarried man to IAM Federal Credit Union dated January 11, 1994 and recorded in Mortgage Book 413, Page 72 of the records in the Office of the Judge of Probate, Pike County, Alabama; which was subsequently assigned to LPP Mortgage Ltd. by instrument dated July 23, 2003 in Miscellaneous Book 2003, Page 163

02/13/2007  04:23    251-342-9457        MCFADDEN LYON ROUSE              PAGE  07/07
                                                                          NO.159   005
11/10/04    13:44    MIKE JONES ATTY AT LAW → 2513429457
11/09/2004  14:38    251-342-9457        MCFADDEN LYON ROUSE              PAGE  03/03

## NOTICE OF POSTPONEMENT

The public sale provided for hereinabove was postponed on October 20th, 2004, by public announcement being made during the legal hours of sale before the Courthouse door, City of Troy, Pike County, Alabama. The foreclosure sale described hereinabove shall be held on November 10th, 2004, during the legal hours of sale in front of the Courthouse door, Pike County, Alabama.

LPP Mortgage Ltd. f/k/a Loan Participant
Partners, Ltd., A Texas Limited Partnership
Holder of Said Mortgage

Beth McFadden Rouse
McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Blvd.
Mobile, Alabama 36609

Publish one time only in The Troy Messenger on October 27th, 2004.

MAIL ANY NOTICE OF DEFAULT TO:
U.S. SMALL BUSINESS ADMINISTRATION
2120 Riverfront Drive, Suite 100
Little Rock, Arkansas, 72202

THIS INSTRUMENT PREPARED BY AND MAIL TO:
Terry J. Miller, Attorney/Advisor
U.S. SMALL BUSINESS ADMINISTRATION
One Baltimore Place, Suite 300
Atlanta, Georgia 30308
(404)347-3771

BROOKS, Roy, Jr.
# 2814-00419 Loan No. DLB 89164130-00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MORTGAGE
### (Direct)

This mortgage made and entered into this 1st day of February 1996, by and between Roy Brooks, Jr., Post Office Box 691, Troy, Alabama 36081 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 2120 Riverfront Drive, Suite 100, Little Rock, Arkansas, 72202

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Pike, State of Alabama

Described in Exhibit "A" attached hereto and made a part hereof.

Subject only to Prior lien(s) in favor of:

PARCELS I, II

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder). To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein.

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated __February 1, 1996__, in the principal sum of __$11,400.00__ and maturing on __February 1, 2026.__

1.    The mortgagor covenants and agrees as follows:

   *a.*    He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided.

- 1 -

**EXHIBIT 1**
(Coots Affidavit)

CHL/Brooks00112

Name: BROOKS, Roy, Jr.

Control No. / Loan No: 2814-00419 / DLB 89164130-00

EXHIBIT "A"

Parcel I

Lot #3 and 4, according to the plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, page 96.

More commonly known as: 410 Hubbard Street, Troy, Alabama 36081

Parcel II

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

More commonly known as: 415 Ice Street, Troy, Alabama 36081 and 120 Hubbard Street, Troy, Alabama 36322

Pike County, Alabama
I hereby certify that this within instrument was filed in my
office for record on 23 day of Feb, 19 90
at 3:10 p. M and that mtge tax of $17.00
has been paid and duly recorded
in mtge book 123 page
Judge Probate

Page 5

CHL/Brooks00113

Control No. 2814-00419





SBA LOAN NO.
DLB.6916/4120-00

**41813044**

**U.S. SMALL BUSINESS ADMINISTRATION**

**NOTE**
(For Disaster Loans Only)

2 6 1996

LEGAL DEPT.
Troy, Alabama 36081
(City, State, ZIP Code)

$11,400.00                                                                (Date) February 1, 1996

For value received, the Undersigned promises to pay to the order of U.S. Small Business Administration , at its office in the City of Denver , State of Colorado 80259-0001 , or, at holder's option, at such other place as may be designated from time to time by the Holder or U.S. Small Business Administration.

Eleven Thousand Four Hundred and no/100 * * * * * * * * * * dollars, with interest, on unpaid principal computed from the date of each advance to the Undersigned at the Annual Percentage Rate, of Four percent (4.000%) per annum, payment to be made in installments as follows:

Fifty-Six and no/100 ($56.00), dollars including principal and interest, payable monthly, beginning Five (5) months from the date hereof; the balance of principal and interest to be paid in full Thirty (30) Years from the date hereof; with the further provision that each said installment shall be applied first to accrued interest, and the balance, if any, to principal.

Payment of any installment of principal or interest owing on this Note may be made prior to the maturity date thereof without penalty.

The term "Indebtedness" as used herein shall mean the indebtedness evidenced by this Note, including principal, interest, and expenses whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The term "Collateral" as used in this Note shall mean any funds, guaranties, or other property or rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the indebtedness or any part thereof. The Collateral, and each part thereof, shall secure the indebtedness and each part thereof. The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though each covenants and conditions were fully set forth herein.

The indebtedness shall immediately become due and payable, without notice or demand, upon the appointment of a receiver or liquidator, whether voluntary or involuntary, for the undersigned or for any of property of the undersigned, or upon the filing of a petition by or against the undersigned under the provisions of any State insolvency law or under the provisions of the Bankruptcy Code of 1978, or upon the making by the undersigned of an assignment for the benefit of creditors. Holder is authorized to declare all or any part of the indebtedness immediately due and payable upon the happening of any of the following events: (1) Failure to pay any part of the indebtedness when due; (2) nonperformance by the undersigned of any agreement with, or any condition imposed by, Holder, or U.S. Small Business Administration (hereinafter called "SBA"), or either of them, with respect to the indebtedness; (3) Holder's discovery of the undersigned's failure in any application of the undersigned to Holder or SBA to disclose any fact deemed by Holder to be material or of the making therein or in any of said agreements, or in any affidavit or other documents submitted in connection with said application or the indebtedness, of any misrepresentation by, on behalf of, or for the benefit of the undersigned; (4) the reorganization (other than a reorganization pursuant to any of the provisions of the Bankruptcy Code of 1978) or merger or consolidation of the undersigned (or the making of any agreement therefor) without the prior written consent of Holder; (5) the undersigned's failure duly to account to Holder's satisfaction, at such time or times as Holder may require, for any of the Collateral, or proceeds thereof, coming into the control of the undersigned; or (6) the institution of any suit affecting the undersigned deemed by Holder to affect adversely its interest hereunder in the Collateral or otherwise. Holder's failure to exercise its rights under this paragraph shall not constitute a waiver thereof.

Upon the nonpayment of the indebtedness, or any part thereof, when due, whether by acceleration or otherwise, Holder is empowered to sell, assign, and deliver the whole or any part of the Collateral at public or private sale, without demand, advertisement or notice of time or place of sale or of any adjournment thereof, which are hereby expressly waived. After deducting all expenses incidental to or arising from such sale or sales, Holder may apply the residue of the proceeds thereof to the payment of the indebtedness, as it shall deem proper, returning the excess, if any, to the undersigned. The undersigned hereby waives all right of redemption or appraisement whether before or after sale.

Holder is further empowered, to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee.

Whenever any item of the Collateral shall not be paid when due, or otherwise shall be in default, whether or not the indebtedness, or any part thereof, has become due, Holder shall have the same rights and powers with respect to such item of the Collateral as are granted in respect thereof in this paragraph in case of nonpayment of the indebtedness, or any part thereof, when due. None of the rights, remedies, privileges, or powers of Holder expressly provided for herein shall be exclusive, but each of them shall be cumulative with and in addition to every other right, remedy, privilege, and power now or hereafter existing in favor of Holder, whether at law or in equity, by statute or otherwise.

The undersigned agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral; and regardless of any action taken by Holder, there shall be no duty upon Holder in this respect. The undersigned shall pay all expenses of any nature, whether incurred in or out of court,

SBA FORM 147 B (5-77) REF: SOP 50 35 PREVIOUS EDITIONS ARE OBSOLETE

Page 1

CHL/Brooks00110

 

and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney's fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the indebtedness or the administration, supervision, preservation, protection of (including, but not limited to, the maintenance of adequate insurance) or the realization upon the Collateral. Holder is authorized to pay at any time and from time to time any or all of such expenses, add the amount of such payment to the amount of the indebtedness, and charge interest thereon at the rate specified herein with respect to the principal amount of this Note.

The security rights of Holder and its assigns hereunder shall not be impaired by Holder's sale, hypothecation or rehypothecation of any note of the undersigned or any item of the Collateral, or by any indulgence, including but not limited to (a) any renewal, extension, or modification which Holder may grant with respect to the indebtedness or any part thereof, or (b) any surrender, compromise, release, renewal, extension, exchange, or substitution which Holder may grant in respect of the Collateral, or (c) any indulgence granted in respect of any endorser, guarantor, or surety. The purchaser, assignee, transferee, or pledgee of this Note, the Collateral, any guaranty, and any other document for any of them, sold, assigned transferred, pledged, or repledged, shall forthwith become vested with and entitled to exercise all the powers and rights given by this Note and all applications of the undersigned to Holder or SBA, as if said purchaser, assignee, transferee, or pledgee were originally named as Payee in this Note and in said application or applications.

This promissory note is given to secure a loan which SBA is making or in which it is participating and, pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d), this instrument is to be construed and (when SBA is the Holder or a party) in interest enforced in accordance with applicable Federal law.

The undersigned understands and agrees that it is mandatory that all receipts, records, and such other evidence as is necessary and satisfactory to U.S. Small Business Administration be retained for three years from the date of the final disbursement on said note, which evidence shall indicate that the funds received have been used as directed by the authorization. Failure to furnish such evidence when requested shall raise a presumption that the proceeds of the loan have been wrongfully misapplied.

The undersigned understands and agrees that in the event he wrongfully misapplies the proceeds of the loan obtained, he shall be civilly liable to the Administration in an amount equal to one and one-half (1-1/2) times the original principal amount of the loan. It is understood that the term "indebtedness" as defined above shall include this amount, if imposed by the Administration.

### NOTICE OF RIGHT OF RESCISSION
You have a legal right under Federal Law to cancel this transaction, if you desire to do so, without any penalty or obligation within three (3) business days from date of this note.

No finance charge has been made for this transaction.

Execution

Dated this 21th day of Feb , 19 96.    Roy Brooks, Jr.

Page 2

NOTE.-- Corporate applicants must execute Note, in Corporate name, by duly authorized officer; and must be affixed and duly attested; partnership applicants must execute Note in firm name, together with signature of a general partner.

CHL/Brooks00111

314

BEAL No.: 2280006388
SBA No.: 8916413000
Pool No.: 130
Barcode No.: 179295

This Document Prepared By and
When Recorded Return/Mail to:
Wayne Roberts
Carrington Mortgage Services, Inc.
1600 Pacific Avenue, Suite 2070
Dallas, TX 75201    (214) 220-7206

## ASSIGNMENT OF NOTES AND LIENS (MORTGAGE)
### (SBA Loan Sale #2)

THIS ASSIGNMENT OF NOTES AND LIENS (this "Assignment") is made by the U.S. SMALL BUSINESS ADMINISTRATION ("Assignor"), whose address is 490 Third Street, S.W., Washington, D.C. 20416, to LPP Mortgage Ltd. f/k/a Loan Participant Partners, Ltd., a Texas limited partnership, whose address is 6000 Legacy Drive, Plano, Texas 75024-3610 ("Assignee"), pursuant to the terms of that certain Loan Sale Agreement dated as of August 3, 2000 (the "Sale Agreement") between Assignor and Assignee.

THIS ASSIGNMENT WITNESSES THAT, in consideration of Ten Dollars ($10.00) and other good and valuable consideration paid by Assignee, Assignor hereby assigns, transfers, sets over and conveys, effective as of August 31, 2000, to Assignee and its successors and assigns, without recourse and without representation or warranty, whether express, implied or created by operation of law, except as expressly set forth in the Sale Agreement, the following:

1. that certain MORTGAGE dated February 1, 1996 between ROY BROOKS, JR. ("Borrower") and ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION ("Lender"), and recorded on February 23, 1996 as Instrument #N/A in Mortgage Book 425 at Page N/A, in the Recorder's Office of PIKE County, ALABAMA, as amended or modified (the "MORTGAGE"), which secures that certain promissory note dated February 1, 1996 in the amount of $11,400.00 (the "Note"), and encumbers the following described property:

   Property Address: PARCEL I: 410 HUBBARD STREET, TROY, ALABAMA 36081 & PARCEL II: 415 ICE STREET, TROY ALABAMA 36081 AND 120 HUBBARD STREET, TROY, ALABAMA 36322

2. such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the MORTGAGE and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized agent as of this 17th day of July, 2001.

U.S. SMALL BUSINESS ADMINISTRATION, as Assignor

By: _____
        Rick Boggus, Attorney-in-Fact

State of TEXAS
County of DALLAS    Before me, the undersigned authority, Notary Public, personally appeared Rick Boggus, who is personally well known to me (or sufficiently proven) to be the Attorney-in-Fact for the U.S. Small Business Administration, and the person who executed the foregoing instrument by virtue of the authority vested in him/her, and s/he acknowledged to me that s/he executed the same for the purposes and consideration therein expressed and in the capacities therein stated.

Given under my hand and seal this 17th day of July, 2001.

_____
Kristi Hays, Notary Public
My Commission Expires: 6/4/2003

KRISTI HAYS
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-04-2003

Pike County, Alabama
I hereby certify that the within instrument was filed in my office for record on ____ day of ____ 20_01_ at ____ o'clock ____ M and that ____ tax of has been paid and duly recorded in ____ book ____ page ____
WILLIAM C. STONE    Judge Probate

$5.00

CHL/Brooks00334

08/24/04    09:00    MIKE JONES ATTY AT LAW → 2513429457                 NO.912    P01

# JONES & COOTS, L.L.C.
### ATTORNEYS AT LAW
### 6 SOUTH GLENWOOD AVENUE
### P.O. BOX 367
### LUVERNE AL, 36049

Michael E. Jones                                      Phone: 334-335-6535
Brandon Coots                                          Fax:  334-335-2529

August 24, 2004

Beth McFadden Rouse
McFadden, Lyon &
Rouse, L.L.C.
Via fax: 1-251-342-9457

        RE:  Roy Brooks, Jr.

Dear Mrs. Rouse:

    I announced the postponement of the Brooks foreclosure sale at 12:10 p.m. and posted the notice at the courthouse.  If you need anything further at this time, please do not hesitate to call.

                        Sincerely,

                        Brandon Coots

**EXHIBIT 2**
(Coots Affidavit)

11/18/04     13:44     MIKE JONES ATTY AT LAW → 2513429457                    NO.159     P01

Michael E. Jones
Brandon S. Coots
Attorneys at Law
P. O. Box 367
6 S. Glenwood Avenue
Luverne, Alabama 36049
Phone: 334-335-6534
Fax: 334-335-2629

**JONES & COOTS, L. L. C.**
**Attorneys at Law**

# Fax

To: Mrs. Beth Rouse          From: Brandon Coots

Fax: 251-342-9457            Pages:

Phone:                       Date: November 10, 2004

Re:                          CC:

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

PLEASE NOTIFY US IMMEDIATELY IF YOU FAIL TO RECEIVE ANY OF THE
TRANSMITTED PAGES OR IF ANY OF THE MATERIAL IS NOT LEGIBLE.

IMPORTANT: This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure under
applicable laws. If the reader of this message is not the intended recipient or the employee or agent
responsible for delivering it to the intended recipient, YOU ARE HEREBY NOTIFIED that reading,
disseminating, distributing or copying this communication is strictly prohibited. If you have received this
communication in error, please IMMEDIATLEY notify us by telephone, and return the original message
to us at the above address via mail through the U. S. Postal Service. Thank you.

**EXHIBIT 3**
(Coots Affidavit)

11/10/04    13:44    MIKE JONES ATTY AT LAW → 2513429497                 NO.159    P02

# JONES & COOTS, L.L.C.
### ATTORNEYS AT LAW
### 5 SOUTH GLENWOOD AVENUE
### P.O. BOX 367
### LUVERNE AL, 36049

Michael E. Jones                                        Phone: 334-335-6535
Brandon Coots                                           Fax:   334-335-2529

November 10, 2004

Mrs. Beth Rouse
McFadden, Lyon and Rouse, L.L.C.
Attorneys at law
Via fax: 251-342-9457

    Re:   Countrywide v. Roy Brooks

Dear Mrs. Rouse:

    The sale was cried at 11:30 a.m. on November 10, 2004. There were no buyers present at the sale. I entered a bid on behalf of Countrywide for $8,750.00.

    Please change my address to reflect the above. If you have any questions, please do not hesitate to call.

                    Sincerely,

                    Brandon Coots

11/10/04    13:44    MIKE JONES ATTY AT LAW → 2513429457    NO.159  P03
                        251 342 9457
11/09/2004  14:38   251-342-9457    MCFADDEN LYON ROUSE    PAGE  01/03

## McFADDEN, LYON & ROUSE, L.L.C.
### ATTORNEYS AND COUNSELLORS AT LAW
### 718 DOWNTOWNER BOULEVARD
### MOBILE, ALABAMA 36609-3499

STEVA F. McFADDEN
WILLIAM N. LYON, JR.
BETH McFADDEN ROUSE
WILLIAM B McFADDEN
THOMAS M BENTON, JR.
JOHN T. BENTON

TELEPHONE: (251) 342-9172
FACSIMILE: (251) 342-9457

November 10, 2004

*VIA FAX # 334-335-3529*

Brandon Coots
PIKE COUNTY TITLE &
ABSTRACT CO., INC.
Post Office Box 965
Troy, Alabama 36081

RE:    Countrywide Home Loans, Inc.  v. Key Brooks, Jr.

Dear Brandon:

We represent Countrywide Home Loans, Inc. in the foreclosure of the mortgage referenced in the enclosed foreclosure notice.  This is to request that you act as our auctioneer for a fee of $150.00 at the foreclosure sale set for November 10, 2004 during the legal hours of sale.

We will notify you if there is a bankruptcy filing that stays the sale. We request that you:

1.  verify from the Probate Court records whether any Federal Tax Liens have been filed that would attached to the property since August 23rd, 2004, the effective date of our foreclosure title report. **PLEASE CONTACT OUR OFFICE BEFORE HOLDING THE SALE IF ANY SUCH LIENS ARE FOUND.**

**2.  Please bid a specified bid of $6,750.00.**

3.  call, email or fax this office with sales results as soon after the sale as possible along with the time the sale was held. Please advise any 3rd party purchaser that we only accept certified funds, or a cashiers check for the full amount of purchase, and funds must be in your office by close of business day.

**Please do not make any representation as to status of title or possession to potential bidders.**

Thank you for your assistance in this matter.

Sincerely,

McFADDEN, LYON & ROUSE, L.L.C.

Beth McFadden Rouse
BMR/dw

Enclosure

## FORECLOSURE NOTICE

Default having been made in the payment of the indebtedness described in and secured by that certain mortgage executed by ROY BROOKS, JR. to ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA dated the 1st day of February, 1996, and recorded in Mortgage Book 425, Page 215 and/or Book 425, Page 231 of the records in the Office of the Judge of Probate, Pike County, Alabama; which said mortgage was subsequently assigned to LPP MORTGAGE LTD. F/K/A LOAN PARTICIPANT PARTNERS, LTD., A TEXAS LIMITED PARTNERSHIP by instrument recorded in Miscellaneous Book 55, Page 374 of said Probate Court records; notice is hereby given that the undersigned as holder of said mortgage will under power of sale contained in said mortgage, sell at public outcry for cash to the highest bidder, during legal hours of sale on the 23rd day of August, 2004, at the front door entrance of the Courthouse of Pike County, Alabama, Church Street, Troy, Alabama 36081, the following described real property in the County of Pike, State of Alabama, being the same property described in the above referred to mortgage:

Parcel 1

Lot #3 and 4, according to the Plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, Page 96.

More commonly known as: 410 Hubbard Street, Troy, Alabama 36081

Parcel II

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the Office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

More commonly known as: 415 Ice Street, Troy, Alabama 36081 and 120 Hubbard Street, Troy, Alabama 36322

Subject to First Mortgage executed by Roy Brooks, Jr., An Unmarried man to LAM Federal Credit Union dated January 11, 1994 and recorded in Mortgage Book 413, Page 72 of the records in the Office of the Judge of Probate, Pike County, Alabama; which was subsequently assigned to LPP Mortgage Ltd. by instrument dated July 23, 2003 in Miscellaneous Book 2003, Page 163

11/10/04    13:44    MIKE JONES ATTY AT LAW → 2513429497                NO.159    P05
11/09/2004  14:38    251-342-9497              MCFADDEN LYON ROUSE                PAGE  03/03

## NOTICE OF POSTPONEMENT

The public sale provided for hereinabove was postponed on October 20th, 2004, by public announcement being made during the legal hours of sale before the Courthouse door, City of Troy, Pike County, Alabama. The foreclosure sale described hereinabove shall be held on November 10th, 2004, during the legal hours of sale in front of the Courthouse door, Pike County, Alabama.

LPP Mortgage Ltd. f/k/a Loan Participant
Partners, Ltd., A Texas Limited Partnership
Holder of Said Mortgage

Beth McFadden Rouse
McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Blvd.
Mobile, Alabama 36609

Publish one time only in The Troy Messenger on October 27th, 2004.

2004  2738
Recorded in the Above
DEED Book & Page
12-30-2004 09:30:45 AM
William C. Stone - Probate Judge
Pike County, AL

AUCTIONEER'S DEED

STATE OF ALABAMA
COUNTY OF PIKE

WHEREAS, ROY BROOKS, JR. executed a mortgage to Administrator of the Small Business Administration, an Agency fo the Government of the United States of America on the 1st day of February, 1996, on that certain real property hereinafter described, which mortgage is recorded in Mortgage Book 425, Page 213 and/or Book 425, Page 231, of the records in the Office of the Judge of Probate, Pike County, Alabama; which said mortgage was subsequently assigned to LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership by instrument recorded in Miscellaneous Book 55, Page 374 of said Probate Court records; and

WHEREAS, in said mortgage the mortgagee was vested with full power and authority, upon the happening of a default in the payment of the principal note described in and secured by said mortgage or any installment of interest thereon, to sell said property hereinafter described at public outcry before the Courthouse door in the City of Troy, County of Pike, Alabama, for cash to the highest bidder, after giving notice of the time, place and terms of sale by an advertisement published once a week for three successive weeks in a newspaper published in the City of Troy, Alabama; and

WHEREAS, default was made in the payment of said indebtedness described in and secured by said mortgage; and

WHEREAS, notice of the time, place and purposes of said sale, as required by said mortgage has been given in The Troy Messenger, a newspaper published in the City of Troy, Alabama, by an advertisement published in the issues of said newspaper on July 23rd, 30th and August 6th, and 13th, 2004, which said was postponed by publication in The Troy Messenger, a newspaper of general circulation published in the City of Troy, Pike County, Alabama; in its issue of September 15th, 2004; which said was postponed by publication in The Troy Messenger, a newspaper of general circulation published in the City of Troy, Pike County, Alabama; in its issue of October 10th, 2004; which said was postponed by publication in The Troy Messenger, a newspaper of general circulation published in the City of Troy, Pike County, Alabama; in its issue of October 27th, 2004; fixing the time of the sale of said property to be during the legal hours of sale on the 10th day of November, 2004, and the place of same at the front door of the Courthouse of Pike County, in the City of Troy, Alabama, and the terms of the sale to be cash; and

WHEREAS, a sale has been made of the said real property hereinafter described during the legal hours of sale on the 10th day of November, 2004, at the front door of the Courthouse of Pike County, Alabama, in strict conformity with the powers of sale contained in the said mortgage, at which sale **LPP MORTGAGE LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD.** was the highest and best bidder and did become the purchaser of the real property hereinafter described for the sum of $6,750.00 cash in hand paid by said purchaser to Brandon Coots, as auctioneer who conducted the sale on behalf of the owner of said mortgage; the said LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership, by and through Brandon Coots as such auctioneer, and as its attorney-in-fact, and Roy Brooks, Jr. by Brandon Coots, as their attorney-in-fact, under and by virtue of the authority contained in said mortgage, do hereby GRANT, BARGAIN, SELL AND CONVEY unto **LPP MORTGAGE LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD.**, its successors and assigns, the following described real property situated in the County of Pike, State of Alabama, to-wit:

**Parcel I**

Lot #3 and 4, according to the Plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, Page 96.

**Parcel II**

**EXHIBIT 4**
(Coots Affidavit)

2004   2739
Recorded in the Above
DEED  Book & Page
12-30-2004 09:30:45 AM

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the Office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said Lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

Subject to First Mortgage executed by Roy Brooks, Jr., an unmarried man to IAM Federal Credit Union dated January 11, 1994 and recorded in Mortgage Book 413, Page 72 of the records in the Office of the Judge of Probate, Pike County, Alabama; which was subsequently assigned to LPP Mortgage Ltd. by instrument dated July 23, 2003 in Miscellaneous Book 2003, Page 163.

TOGETHER WITH all and singular the rights, privileges, tenements, hereditaments, easements and appurtenances thereunto belonging, or in anywise appertaining; TO HAVE AND TO HOLD the same unto the said **LPP MORTGAGE LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD.,** the purchaser at said sale, its successors and assigns, forever; subject, however, to the statutory right of redemption on the part of those entitled to redeem as provided by the laws of the State of Alabama.

IN WITNESS WHEREOF, the said LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership by and through Brandon Coots, as the auctioneer who conducted said sale, and as its attorney-in-fact and Roy Brooks, Jr. by Brandon Coots, as their attorney-in-fact, have hereunto set their hands and seals as of this the 10th day of November, 2004.

LPP Mortgage LTD. f/k/a Loan Participation Partners,
LTD., A Texas Limited Partnership

BY: _____
Auctioneer who conducted said sale and
attorney-in-fact

Roy Brooks, Jr.

By: _____
Attorney-in-fact

STATE OF ALABAMA
COUNTY OF PIKE

I, the undersigned Notary Public in and for said State and County, hereby certify that Brandon Coots, the auctioneer who conducted the sale, whose name as auctioneer and attorney-in-fact for LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, he in his capacity as such auctioneer and attorney-in-fact and with full authority, executed the same voluntarily on the day the same bears date.

Given under my hand and notarial seal on this the 10th day of November, 2004.

_____
NOTARY PUBLIC
My Commission Expires: 6/8/08

STATE OF ALABAMA
COUNTY OF PIKE

2

2004   2740
Recorded in the Above
DEED   Book & Page
12-30-2004 09:30:45 AM
William C. Stone - Probate Judge
Pike County, AL

I, the undersigned Notary Public in and for said State and County, hereby certify that Brandon Coots, whose name as attorney-in-fact for Roy Brooks, Jr. is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, he, in his capacity as attorney-in-fact, executed the same voluntarily on the day the same bears date.

Given under my hand and notarial seal on this the 10th day of November, 2004.

NOTARY PUBLIC
My Commission Expires: 6/8/08

Grantee's address:

7105 Corporate Drive, PTX-C-35
Plano, Texas 75024

This instrument prepared by:
Beth McFadden Rouse
McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609

Book/Pg: 2004/2738
Term/Cashier: VAULT / CAROLYNP
Tran: 347.6594.8454
Recorded: 12-30-2004 09:31:23
NTX NO TAX COLLECTED                0.00
REC Recording Fee                  18.00
SRF Special Recording Fee           7.00
Total Fees: $ 25.00

Jones + Coots

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| ROY BROOKS, JR., | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.** |
| | **CV - CV-2:06CV356-MHT** |
| COUNTRYWIDE HOME LOANS, INC. | |
| ET AL., | |
| **Defendants.** | |

### DECLARATION OF BRIAN EVERHEART

My name is Brian Everheart.  I am employed as a Single Family REO Manager by Beal Service Corporation ("Beal").  I am filing this affidavit on behalf of and with the permission of Beal, and I understand that this Affidavit is being filed with Countrywide Home Loans, Inc.'s Motion for Summary Judgment in the above-referenced lawsuit.  Based on my personal knowledge and my review of Beal records, which were generated in the normal course of business, I hereby state the following facts:

1.      Beal provides certain mortgage servicing and REO services to LPP Mortgage Ltd. ("LPP").  LPP previously held first and second mortgages on three properties located in Troy, Alabama, which I understand to be at issue in the above-referenced lawsuit.  The addresses of the three properties are: (1) 410 Hubbard Street; (2) 120 Hubbard Street; and (3) 415 Ice Street, Troy, Alabama.  In the course of my employment, I have reviewed certain information and Beal records pertaining to these three properties, and I have been personally involved in Beal's attempts to market those properties for sale after LPP foreclosed its second mortgage and purchased the properties at the foreclosure sale.

2.    Countrywide Home Loans, Inc. ("Countrywide"), subserviced the first and second mortgages on the properties for Beal (who was servicing the loans for LPP), and Countrywide foreclosed the second mortgages in or around November 2004.  LPP purchased the three properties at the foreclosure sale.  Thereafter, the three properties became REO or "Real Estate Owned" assets of LPP.  During 2005 and 2006, Beal Service Corp. attempted to market and sell the three properties for LPP.

3.    LPP sold all three of the properties to Sylvia Davis in June 2006 for a combined sale price of $7,500.  Copies of documents from Beal's file evidencing the sale from transaction are attached hereto as Exhibit A.  Ms. Davis' initial purchase offer for all three properties was $6,250. From the time that the three properties were first listed for sale with a realtor in May 2005 until Ms. Davis' offer was received, no other party made any offer to purchase any of the three properties.

4.    Prior to selling the properties, Beal Service Corp. obtained Brokers Price Opinions ("BPOs") from local real estate brokers estimating the market value of each of the three properties.  Copies of those BPOs (three for each property) are attached hereto as Exhibit B.  The BPOs reflected that none of the properties was worth more than $10,000, and each was likely worth considerably less than that amount.  All three properties had houses on them when the properties were first obtained by LPP in November 2004, but two of the three of the houses were condemned by the City of Troy and had to be demolished while LPP owned the properties. It is my understanding that the third property was also condemned and demolished following the sale to Ms. Davis.

2

5.    Between November 10, 2004, and the sale to Ms. Davis in June 2006, Beal Service Corp. spent **$5,709.73** to demolish two of the three the structures, as well as to pay taxes, insurance premiums, maintenance and clean up costs, and other costs to maintain the properties prior to selling them to Ms. Davis.   A spreadsheet itemizing amounts spent by Beal Service Corp. prior to the sale is attached hereto as Exhibit C.

6.    After the payment of broker's commissions and other closing costs, the net sale proceeds from the sale of the properties to Ms. Davis was **$3,417.94.**

I declare under penalty or perjury that the foregoing is true and correct.  Executed on this _13ᵗʰ_ day of March, 2007.

_____
Brian Everheart