IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY BROOKS, JR., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.<br>CV - CV-2:06CV356-MHT |
| COUNTRYWIDE HOME LOANS, INC.<br>ET AL., | |
| Defendants. | |

### DECLARATION OF BRIAN EVERHEART

My name is Brian Everheart. I am employed as a Single Family REO Manager by Beal Service Corporation ("Beal"). I am filing this affidavit on behalf of and with the permission of Beal, and I understand that this Affidavit is being filed with Countrywide Home Loans, Inc.'s Motion for Summary Judgment in the above-referenced lawsuit. Based on my personal knowledge and my review of Beal records, which were generated in the normal course of business, I hereby state the following facts:

1. Beal provides certain mortgage servicing and REO services to LPP Mortgage Ltd. ("LPP"). LPP previously held first and second mortgages on three properties located in Troy, Alabama, which I understand to be at issue in the above-referenced lawsuit. The addresses of the three properties are: (1) 410 Hubbard Street; (2) 120 Hubbard Street; and (3) 415 Ice Street, Troy, Alabama. In the course of my employment, I have reviewed certain information and Beal records pertaining to these three properties, and I have been personally involved in Beal's attempts to market those properties for sale after LPP foreclosed its second mortgage and purchased the properties at the foreclosure sale.

EXHIBIT 8
(Evidentiary Submission)

2. Countrywide Home Loans, Inc. ("Countrywide"), subserviced the first and second mortgages on the properties for Beal (who was servicing the loans for LPP), and Countrywide foreclosed the second mortgages in or around November 2004. LPP purchased the three properties at the foreclosure sale. Thereafter, the three properties became REO or "Real Estate Owned" assets of LPP. During 2005 and 2006, Beal Service Corp. attempted to market and sell the three properties for LPP.

3. LPP sold all three of the properties to Sylvia Davis in June 2006 for a combined sale price of $7,500. Copies of documents from Beal's file evidencing the sale from transaction are attached hereto as Exhibit A. Ms. Davis' initial purchase offer for all three properties was $6,250. From the time that the three properties were first listed for sale with a realtor in May 2005 until Ms. Davis' offer was received, no other party made any offer to purchase any of the three properties.

4. Prior to selling the properties, Beal Service Corp. obtained Brokers Price Opinions ("BPOs") from local real estate brokers estimating the market value of each of the three properties. Copies of those BPOs (three for each property) are attached hereto as Exhibit B. The BPOs reflected that none of the properties was worth more than $10,000, and each was likely worth considerably less than that amount. All three properties had houses on them when the properties were first obtained by LPP in November 2004, but two of the three of the houses were condemned by the City of Troy and had to be demolished while LPP owned the properties. It is my understanding that the third property was also condemned and demolished following the sale to Ms. Davis.

5.  Between November 10, 2004, and the sale to Ms. Davis in June 2006, Beal Service Corp. spent **$5,709.73** to demolish two of the three the structures, as well as to pay taxes, insurance premiums, maintenance and clean up costs, and other costs to maintain the properties prior to selling them to Ms. Davis. A spreadsheet itemizing amounts spent by Beal Service Corp. prior to the sale is attached hereto as Exhibit C.

6.  After the payment of broker's commissions and other closing costs, the net sale proceeds from the sale of the properties to Ms. Davis was **$3,417.94**.

> I declare under penalty or perjury that the foregoing is true and correct. Executed on this 13th day of March, 2007.
>
> _____
> Brian Everheart