*this was not ~~foreclosed~~ Foreclosed*

FORECLOSURE NOTICE  *Small Business A.D.M.*

Default having been made in the payment of the indebtedness described in and secured by that certain mortgage executed by ROY BROOKS, JR to ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, AN AGENCY OF THE GOVERNMENT OF THE UNITED STATES OF AMERICA dated the 1st day of February, 1996, and recorded in Mortgage Book 425, Page 213 and/or Book 425, Page 231 of the records in the Office of the Judge of Probate, Pike County, Alabama; which said mortgage was subsequently assigned to LPP MORTGAGE LTD. F/K/A LOAN PARTICIPANT PARTNERS, LTD., A TEXAS LIMITED PARTNERSHIP by instrument recorded in Miscellaneous Book 55, Page 374 of said Probate Court records; notice is hereby given that the undersigned as holder of said mortgage will under power of sale contained in said mortgage, sell at public outcry for cash to the highest bidder, during legal hours of sale on the 23rd day of August, 2004, at the front door entrance of the Courthouse of Pike County, Alabama, Church Street, Troy, Alabama 36081, the following described real property in the County of Pike, State of Alabama, being the same property described in the above referred to mortgage:

Parcel 1

Lot #3 and 4, according to the Plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, Page 96.

More commonly known as: 410 Hubbard Street, Troy, Alabama 36081

Parcel II

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the Office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

More commonly known as: 415 Ice Street, Troy, Alabama 36081 and
120 Hubbard Street, Troy, Alabama 36322

Subject to First Mortgage executed by Roy Brooks, Jr., An Unmarried man to IAM Federal Credit Union dated January 11, 1994 and recorded in Mortgage Book 413, Page 72 of the records in the Office of the Judge of Probate, Pike County, Alabama; which was subsequently assigned to LPP Mortgage Ltd. by instrument dated July 23, 2003 in Miscellaneous Book 2003, Page 163.

```
2004   2739
Recorded in the Above
DEED Book & Page
12-30-2004 09:30:45 AM
```

One house and lot in the City of Troy, Pike County, Alabama, being more particularly described as follows: Beginning at the Southwest corner of Lot No. 6, Plat No. 3 of the Henderson Lands in Oakland Heights, as recorded in the Office of the Judge of Probate of Pike County, Alabama, Plat Book One, Page Sixty-Four, running thence Northward along the West line of said Lot and extension of same 245 feet, thence East 60 feet, thence Southward to the Southeast corner of said Lot No. Six 250 feet, thence Westward along the South line of said Lot Six to the point of beginning.

Subject to First Mortgage executed by Roy Brooks, Jr., an unmarried man to IAM Federal Credit Union dated January 11, 1994 and recorded in Mortgage Book 413, Page 72 of the records in the Office of the Judge of Probate, Pike County, Alabama; which was subsequently assigned to LPP Mortgage Ltd. by instrument dated July 23, 2003 in Miscellaneous Book 2003, Page 163.

TOGETHER WITH all and singular the rights, privileges, tenements, hereditaments, easements and appurtenances thereunto belonging, or in anywise appertaining; TO HAVE AND TO HOLD the same unto the said LPP MORTGAGE LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD., the purchaser at said sale, its successors and assigns, forever; subject, however, to the statutory right of redemption on the part of those entitled to redeem as provided by the laws of the State of Alabama.

IN WITNESS WHEREOF, the said LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership by and through Brandon Coots, as the auctioneer who conducted said sale, and as its attorney-in-fact and Roy Brooks, Jr. by Brandon Coots, as their attorney-in-fact, have hereunto set their hands and seals as of this the 10th day of November, 2004.

LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership

BY: _____
Auctioneer who conducted said sale and attorney-in-fact

Roy Brooks, Jr.

By: _____
Attorney-in-fact

STATE OF ALABAMA
COUNTY OF PIKE

I, the undersigned Notary Public in and for said State and County, hereby certify that Brandon Coots, the auctioneer who conducted the sale, whose name as auctioneer and attorney-in-fact for LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, he in his capacity as such auctioneer and attorney-in-fact and with full authority, executed the same voluntarily on the day the same bears date.

Given under my hand and notarial seal on this the 10th day of November, 2004.

_____
NOTARY PUBLIC
My Commission Expires: 6/8/08

STATE OF ALABAMA
COUNTY OF PIKE

2

```
2004   2738
Recorded in the Above
DEED  Book & Page
12-30-2004 09:30:45 AM
William C. Stone - Probate Judge
Pike County, AL
```

## AUCTIONEER'S DEED

STATE OF ALABAMA
COUNTY OF PIKE

WHEREAS, ROY BROOKS, JR. executed a mortgage to Administrator of the Small Business Administration, an Agency fo the Government of the United States of America on the 1st day of February, 1996, on that certain real property hereinafter described, which mortgage is recorded in Mortgage Book 425, Page 213 and/or Book 425, Page 231, of the records in the Office of the Judge of Probate, Pike County, Alabama; which said mortgage was subsequently assigned to LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership by instrument recorded in Miscellaneous Book 55, Page 374 of said Probate Court records; and

WHEREAS, in said mortgage the mortgagee was vested with full power and authority, upon the happening of a default in the payment of the principal note described in and secured by said mortgage or any installment of interest thereon, to sell said property hereinafter described at public outcry before the Courthouse door in the City of Troy, County of Pike, Alabama, for cash to the highest bidder, after giving notice of the time, place and terms of sale by an advertisement published once a week for three successive weeks in a newspaper published in the City of Troy, Alabama; and

WHEREAS, default was made in the payment of said indebtedness described in and secured by said mortgage; and

WHEREAS, notice of the time, place and purposes of said sale, as required by said mortgage has been given in The Troy Messenger, a newspaper published in the City of Troy, Alabama, by an advertisement published in the issues of said newspaper on July 23rd, 30th and August 6th, and 13th, 2004, which said was postponed by publication in The Troy Messenger, a newspaper of general circulation published in the City of Troy, Pike County, Alabama; in its issue of September 15th, 2004; which said was postponed by publication in The Troy Messenger, a newspaper of general circulation published in the City of Troy, Pike County, Alabama; in its issue of October 10th, 2004; which said was postponed by publication in The Troy Messenger, a newspaper of general circulation published in the City of Troy, Pike County, Alabama; in its issue of October 27th, 2004; fixing the time of the sale of said property to be during the legal hours of sale on the 10th day of November, 2004, and the place of same at the front door of the Courthouse of Pike County, in the City of Troy, Alabama, and the terms of the sale to be cash; and

WHEREAS, a sale has been made of the said real property hereinafter described during the legal hours of sale on the 10th day of November, 2004, at the front door of the Courthouse of Pike County, Alabama, in strict conformity with the powers of sale contained in the said mortgage, at which sale LPP MORTGAGE LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD. was the highest and best bidder and did become the purchaser of the real property hereinafter described for the sum of $6,750.00 cash in hand paid by said purchaser to Brandon Coots, as auctioneer who conducted the sale on behalf of the owner of said mortgage; the said LPP Mortgage LTD. f/k/a Loan Participation Partners, LTD., A Texas Limited Partnership, by and through Brandon Coots as such auctioneer, and as its attorney-in-fact, and Roy Brooks, Jr. by Brandon Coots, as their attorney-in-fact, under and by virtue of the authority contained in said mortgage, do hereby GRANT, BARGAIN, SELL AND CONVEY unto LPP MORTGAGE LTD., F/K/A LOAN PARTICIPANT PARTNERS, LTD., its successors and assigns, the following described real property situated in the County of Pike, State of Alabama, to-wit:

Parcel 1

Lot #3 and 4, according to the Plat of Henderson Lake Subdivision #2, as recorded in the Office of the Judge of Probate of Pike County, Alabama, in Plat Book 2, Page 96.

Parcel II

**EXHIBIT 8**
(Rouse Affidavit)

STATE OF ALABAMA
COUNTY OF PIKE

## MORTGAGE

THIS MORTGAGE, made and entered into on JANUARY 11, 1994, by and between ROY BROOKS, JR., AN UNMARRIED MAN (hereinafter referred to as "Mortgagor", whether one or more) and the IAM FEDERAL CREDIT UNION (hereinafter referred to as "Mortgagee"), whose address is P. O. BOX 366, DALEVILLE, ALABAMA 36322.

### WITNESSETH:

WHEREAS, said Mortgagor, is justly indebted to Mortgagee in the amount of $31,500.00 together with any advances hereinafter provided, in the lawful money of the United States, which indebtedness is evidenced by a Promissory Note of even date herewith which bears interest as provided therein and which is payable in accordance with its terms, with the entire Debt, if not sooner paid, due and payable on JANUARY 11, 2009.

NOW THEREFORE, in consideration of the premises and of said indebtedness and in order to secure prompt payment of the same according to the terms and stipulations contained in said Promissory Note and any and all extensions and renewals thereof, or of any part thereof, and any other amounts that the Mortgagee or its successors or assigns may advance to the Mortgagor before the payment in full of said Mortgage indebtedness, and any additional interest that may become due on any such extensions, renewals and advances or any part thereof (the aggregate amount of such debt, including any extensions, renewals, advances and interest due thereon, is hereinafter collectively called "Debt") and compliance with all the stipulations herein contained, the Mortgagor does hereby grant, bargain, sell and convey unto the Mortgagee, the real estate described as follows:

PARCEL I:
A LOT IN THE CITY OF TROY, PIKE COUNTY, ALABAMA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHWEST CORNER OF LOT NO. 6, PLAT NO. 3 OF THE HENDERSON LANDS IN OAKLAND HEIGHTS, AS RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF PIKE COUNTY, ALABAMA, PLAT BOOK ONE, PAGE SIXTY-FOUR, RUNNING THENCE NORTHWARD ALONG THE WEST LINE OF SAID LOT AND EXTENSION OF SAME 245 FEET, THENCE EAST 60 FEET, THENCE SOUTHWARD TO THE SOUTHEAST CORNER OF SAID LOT NO. SIX 250 FEET, THENCE WESTWARD ALONG THE SOUTH LINE OF SAID LOT SIX TO THE POINT OF BEGINNING.

SITUATED IN PIKE COUNTY, ALABAMA.

PARCEL II:
LOT 3 AND 4, ACCORDING TO THE PLAT OF HENDERSON LAKE SUBDIVISION #2, AS RECORDED IN THE OFFICE OF THE JUDGE OF PROBATE OF PIKE COUNTY, ALABAMA, IN PLAT BOOK 2, PAGE 96.

SITUATED IN PIKE COUNTY, ALABAMA.

***MORTGAGOR STATES THE ABOVE DESCRIBED PROPERTY REPRESENTS NO PART OF HIS HOMESTEAD.***

Source of Title: VOLUME 152 PAGES 405 AND 424

TO HAVE AND TO HOLD the real estate unto the Mortgagee, its successors and assigns forever, together with all the improvements now or hereafter erected on the real estate and all easements, rights, privileges, tenements, appurtenances, rents, royalties, mineral, oil and gas rights, water, water rights and water stock and all fixtures now or hereafter attached to the same real estate, all of which, including replacements and additions thereto shall be deemed to be and remain a part of the real estate covered by this Mortgage; and all of the foregoing are hereinafter referred to as "Real Estate" and shall be conveyed by this Mortgage.

The Mortgagor covenants with the Mortgagee that the Mortgagor is lawfully seized in fee simple of the Real Estate and has a good right to sell and convey the Real Estate as aforesaid; that the Real Estate is free of all encumbrances, except as stated herein, and the Mortgagor will warrant and forever defend the title to the Real Estate unto the Mortgagee against the lawful claims of all persons, except as otherwise herein provided.

For the purpose of securing the payment of the Debt, the Mortgagor agrees to: (1) pay promptly when due all taxes, assessments, charges, fines and other liens which may attain priority over this Mortgage (hereinafter jointly called "Liens"), when imposed legally upon the Real Estate and if default is made in the payment of the Liens, or any part thereof, the Mortgagee, at its option, may pay the same; (2) keep the Real Estate continuously insured, in such manner and by such companies as may be satisfactory to the Mortgagee; against loss by fire, vandalism, malicious mischief and other perils usually covered by a fire insurance policy with standard extended coverage endorsements, with loss, if any, payable to the Mortgagee, as its interest may appear; such insurance to be in an amount sufficient to cover the Debt. The original insurance policy, and all replacements therefor, shall be delivered to and held by the Mortgagee until the Debt is paid in full. The original insurance policy and all replacements therefor must provide that they may not be canceled without the insurer giving at least ten days prior written notice of such cancellation to the Mortgagee. The Mortgagor hereby assigns and pledges to the Mortgagee, as further security for the payment of the Debt, each and every policy of hazard insurance now or hereafter in effect which insures said improvements, or any part thereof, together with all the right, title and interest of the Mortgagor in and to each and every such policy, including but not limited to all of the Mortgagor's right, title and interest in and to any premiums paid on such hazard insurance, including all rights to returned premiums. If the Mortgagor fails to keep the Real Estate insured as specified above then, at the election of the Mortgagee and without notice to any person, the Mortgagee may declare the entire Debt due and payable and this Mortgage subject to foreclosure, and this Mortgage may be foreclosed as hereinafter provided; and, regardless of whether the Mortgagee declares the entire Debt due and payable, the Mortgagee may, but shall not be obligated to, insure the Real Estate for its full insurable value (or for such lesser amount as the Mortgagee may wish) against such risks of loss, for its own benefit the proceeds from such insurance (less cost of collecting same), if collected, to be credited against the Debt, or, at the election of the Mortgagee, such proceeds may be used in repairing or reconstructing the improvements located on the Real Estate. All amounts spent by the Mortgagee for insurance or for the payment of Liens shall become a debt due by the Mortgagor to the Mortgagee and at once payable without demand upon or notice to the Mortgagor, and shall be secured by the lien of this Mortgage, and shall bear interest from the date of payment by the Mortgagee until paid at the rate of interest provided for in the Promissory Note. The Mortgagor agrees to pay promptly when due the principal and interest of the Debt and keep and perform every other covenant and agreement of the Promissory Note secured hereby.

As further security for the payment of the Debt, the Mortgagor hereby assigns and pledges to the Mortgagee, the following described property rights, claims, rents, profits, issues and revenues: (1) All rents, profits, issues, and revenues of the Real Estate from time to time accruing, whether under leases or tenancies now existing or hereafter created, reserving to the Mortgagor, so long as the Mortgagor is not in default hereunder, the right to receive and retain such rents, profits, issues and revenues; (2) All judgments, awards of damages and settlements hereafter made resulting from condemnation proceedings or the taking of the Real Estate, or any part thereof, under the power of eminent domain, or for any damage (whether caused by such taking or otherwise) to the Real Estate, or any part thereof, or to any rights appurtenant thereto, including any award for change of grade of streets, and all payments made for the voluntary sale of the Real Estate, or any part thereof, in lieu of the exercise of the power of eminent domain, shall be paid to the Mortgagee. The Mortgagee is hereby authorized on behalf of and in the name of the Mortgagor to execute and deliver valid acquittances for, or appeal from, any such judgments or awards. The Mortgagee may apply all such sums received, or any part thereof, after the payment of all the Mortgagee's expenses incurred in connection with any proceeding or transaction described in this subparagraph 2, including court costs and attorney's fees, on the Debt in such manner as the Mortgagee elects, or, at the Mortgagee's option, the entire amount or any part thereof so received may be released or may be used to rebuild, repair or restore any or all of the improvements located on the Real Estate.

The Mortgagor hereby incorporates by reference into this Mortgage all of the provisions of the Promissory Note of even date herewith. Mortgagor agrees that, in the event that any provision or clause of this Mortgage or the Promissory Note conflicts with applicable law, such conflict shall not affect any other provisions of this Mortgage or the Promissory Note which can be given effect. It is agreed that the provisions of the Mortgage and the Promissory Note are severable and that, if one or more of the provisions contained in this Mortgage or in the Promissory Note shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision hereof; this Mortgage shall be construed as if such invalid, illegal or unenforceable provision has never been contained herein. If enactment or expiration of applicable laws has the effect of rendering any provision of the Promissory Note or this Mortgage unenforceable according to its terms, Mortgagee, at its option, may require the immediate payment in full of all sums secured by this mortgage and may invoke any remedies permitted hereunder.

The Mortgagor agrees to keep the Real Estate and all improvements located thereon in good repair and further agrees not to commit waste or permit impairment or deterioration of the Real Estate, and at all times to maintain such improvements in as good condition as they are, reasonable wear and tear excepted.

**EXHIBIT 2**
(Rouse Affidavit)

CHL/Brooks00631

2004   2740
Recorded in the Above
DEED  Book & Page
12-30-2004 09:30:45 AM
William C. Stone - Probate Judge
Pike County, AL

I, the undersigned Notary Public in and for said State and County, hereby certify that Brandon Coots, whose name as attorney-in-fact for Roy Brooks, Jr. is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of said conveyance, he, in his capacity as attorney-in-fact, executed the same voluntarily on the day the same bears date.

Given under my hand and notarial seal on this the 10th day of November, 2004.

NOTARY PUBLIC
My Commission Expires: 6/9/08

Grantee's address:

7105 Corporate Drive, PTX-C-35
Plano, Texas 75024

This instrument prepared by:
Beth McFadden Rouse
McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609

Book/Pg: 2004/2738
Tera/Cashier: VAULT / CAROLYNP
Tran: 347.6594.8454
Recorded: 12-30-2004 09:31:23
NTX NO TAX COLLECTED           0.00
REC Recording Fee             18.00
SRF Special Recording Fee      7.00
Total Fees: $ 25.00

Jones + Coots

3